## BRIGGS v. HOBSON.

1. The notice published in a newspaper, that a debtor would appear at a place designated "on *Saturday* the 28th July next," and render a schedule of his property as an insolvent debtor, when in fact the 28th of July was Friday, held sufficient.
2. The condition of a bond to take the benefit of the act for the relief of insolvent debtors, is not forfeited because the justice of the peace will not permit the debtor to take the oath, or render the schedule required by law, if the creditors have been duly notified of the intended application.

Error to the Circuit Court of Greene.

THE defendant in error was the surety of one Bastian, in a bond, that he would appear at the time and place appointed, and rendor a schedule of his property. At the appointed time and place, Bastian appeared before the justices of the peace, and offered to make the oath, and render a schedule of his property to obtain the benefit of the act for the relief of insolvent debtors. But the justices refused to permit him to take the oath and render the schedule of his property, but declared the condition of his bond so to appear, forfeited, because the notice he had given pursuant to their directions, was in their opinion, insufficient. The notice which was given in a newspaper, was in all respects regular, except that one of the advertisements stated the time to be "*Saturday*, the 28th July next"—but in the others, the word *Saturday* was omitted. The 28th July was, in fact, Friday.

The bond being assigned to the plaintiff in error, (the credi-

Briggs v. Hobson.

tor) a *scire facias* issued thereon to the defendant in error, and judgment was thereon rendered against him.   From that judgment, he appealed to the Circuit Court of Greene county, where the judgment was reversed, the Court being of opinion that the notice was sufficient, which opinion being excepted to, the plaintiff prosecutes this writ of error, and assigns for error the charge of the Court, as to the sufficiency of the notice.

STREET, for plaintiff in error.

ORMOND, J.—The question, whether the bond was forfeited, depends on the sufficiency of the notice.   The supposed fault of the notice is, that in one of the insertions in the newspaper, the time of rendering the schedule is stated to be *Saturday*, the 28th of July, when in fact the 28th of July, the time appointed, was Friday.   We are of opinion that the notice was sufficient.   Saturday, the 28th of July of that year, was an impossible date, and could not therefore, mislead any one.   The true date was given, and although it is added, that that day will be Saturday, no one could be thereby deceived, as the day of the month, and not the day of the week, was the time which regulated the proceeding.

The notice being sufficient, and the principal obligor offering to perform the condition of the bond, was in law a performance.   It was not in the power of the debtor to compel the justices to act, to administer the oath and receive his schedule.— This is not like the case of one who covenants, that another shall do a particular act; in that case, he cannot say that he had no control over the action of such person, as an excuse for its non-performance, but is bound to procure the act to be done.

In this case, a benefit is by law conferred on the debtor, provided he does certain acts, the performance of which cannot be effectual without the concurrence of a justice of the peace.— Now, as it is not in his power to control the action of the magistrate, an offer to perform, must, in law, be a performance, at least, so far as to prevent a breach of the condition of his bond.

Let the judgment of the Court below, be affirmed.